**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Anthony C. Kenney, | No. CV-19-00371-PHX-JJT |
| Plaintiff, | **ORDER** |
| v. | |
| Quality Publications, *et al.*, | |
| Defendants. | |

At issue is *pro se* Plaintiff Anthony C. Kenney's Motion to Proceed in District Court Without Prepaying Fees or Costs (Doc. 2). Having determined that Plaintiff is unable to pay the Court's fees, the Court grants the Application. However, as set forth below, upon screening Plaintiff's Complaint (Doc. 1) pursuant to 28 U.S.C. § 1915(e)(2), the Court finds that the Complaint does not conform with the Federal Rules of Civil Procedure. The Court therefore dismisses the Complaint with permission to re-file no later than February 11, 2019.

**I.     LEGAL STANDARDS**

   **A.     28 U.S.C. § 1915(e)(2)**

For cases in which a party is permitted to proceed *in forma pauperis*, Congress provides that a district court "shall dismiss the case at any time if the court determines" that the "allegation of poverty is untrue" or that the "action or appeal" is "frivolous or malicious," "fails to state a claim on which relief may be granted," or "seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2). Section 1915(e) applies to all *in forma pauperis* proceedings. *Lopez v. Smith*, 203 F.3d 1122, 1129 (9th Cir. 2000).

"It is also clear that section 1915(e) not only permits but requires a district court to dismiss an *in forma pauperis* complaint that fails to state a claim." *Id.* at 1127. "The standard for determining whether a plaintiff has failed to state a claim upon which relief can be granted under § 1915(e)(2)(B)(ii) is the same as the Federal Rule of Civil Procedure 12(b)(6) standard for failure to state a claim." *Watison v. Carter*, 668 F.3d 1108, 1112 (9th Cir. 2012).

### B. Sufficiency of a Claim

A complaint must include "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The complaint must contain "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). The Court is to construe a *pro se* plaintiff's complaint "liberally" and afford the plaintiff "the benefit of any doubt." *Watison*, 668 F.3d at 1112 (citation omitted).

### C. Subject Matter Jurisdiction in Federal Court

Unlike state courts, federal courts only have jurisdiction over a limited number of cases, and those cases typically involve either a controversy between citizens of different states ("diversity jurisdiction") or a question of federal law ("federal question jurisdiction"). *See* 28 U.S.C. §§ 1331, 1332. The United States Supreme Court has stated that a federal court must not disregard or evade the limits on its subject matter jurisdiction. *Owen Equip. & Erections Co. v. Kroger*, 437 U.S. 365, 374 (1978). Thus, a federal court is obligated to inquire into its subject matter jurisdiction in each case and to dismiss a case when subject matter jurisdiction is lacking. *See Valdez v. Allstate Ins. Co.*, 372 F.3d 1115, 1116 (9th Cir. 2004); Fed. R. Civ. P. 12(h)(3). To proceed in federal court, a plaintiff must allege enough in the complaint for the court to conclude it has subject matter jurisdiction. *See* Fed. R. Civ. P. 8(a); Charles Alan Wright & Arthur R. Miller, *5 Fed. Practice & Procedure* § 1206 (3d ed. 2014).

## II. ANALYSIS

Upon review of Plaintiff's Complaint (Doc. 1, Compl.), the Court finds that the Complaint fails to comply with Federal Rules of Civil Procedure 8 and 10(b). Rule 8(a) requires that:

> A pleading which sets forth a claim for relief, whether an original claim, counter-claim, cross-claim, or third-party claims, shall contain (1) a short and plain statement of the grounds upon which the court's jurisdiction depends, unless the court already has jurisdiction and the claim needs no new grounds of jurisdiction to support it, (2) a short and plain statement of the claim showing that the pleader is entitled to relief; and (3) a demand for the relief sought, which may include relief in the alternative or different types of relief.

Fed. R. Civ. P. 8(a).

"Each allegation must be simple, concise, and direct." Fed. R. Civ. P. 8(d)(1). Furthermore, the complaint must contain "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). Even where a complaint has the factual elements of a cause of action present but scattered throughout the complaint and not organized into a "short and plain statement of the claim," it may be dismissed for failure to satisfy Rule 8(a). *Sparling v. Hoffman Constr. Co.*, 864 F.2d 635, 640 (9th Cir. 1988).

Rule 10(b) requires that:

> A party must state its claims or defenses in numbered paragraphs, each limited as far as practicable to a single set of circumstances. A later pleading may refer by number to a paragraph in an earlier pleading. If doing so would promote clarity, each claim founded on a separate transaction or occurrence—and each defense other than a denial—must be stated in a separate count or defense.

Fed. R. Civ. P. 10(b).

Moreover, Plaintiff's Complaint must give Defendant "fair notice of what [Plaintiff's] claim is and the grounds upon which it is based." *Holgate v. Baldwin*, 425 F.3d 671, 676 (9th Cir. 2005). This includes some factual basis for each claim asserted and the specific legal theory supporting the claim. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. 678.

Plaintiff does not allege that this dispute presents a question involving federal law. The Court thus lacks jurisdiction over Plaintiff's Complaint under 28 U.S.C. § 1331.

Moreover, even if Plaintiff had invoked this Court's diversity jurisdiction under 28 U.S.C. § 1332, the Court would still lack subject matter jurisdiction. To demonstrate that a federal court has diversity jurisdiction over a matter, the plaintiff must show that the amount in controversy exceeds $75,000, exclusive of interest and costs. 28 U.S.C. § 1332. Plaintiff makes no specific claim for damages, other than alleging that Defendant has "not [sic] [returned] payment for almost 6 months," and that Plaintiff is "supposed to make [sic] [thousands of] dollars a month on this investment." (Doc. 1.)

The Court thus finds that Plaintiff has not demonstrated any basis for jurisdiction in federal Court, nor has Plaintiff satisfied the pleading requirements of Rules 8(a) and 10(b). Plaintiff's Complaint must be dismissed. If a defective complaint can be cured, the plaintiff is entitled to amend the complaint before the action is dismissed. *Lopez* at 1127–30. Accordingly, the Court will give Plaintiff an opportunity to amend his Complaint, but any Amended Complaint must make clear the basis for Plaintiff's claims and this Court's jurisdiction and must satisfy the requirements of the Federal Rules of Civil Procedure.

IT IS THEREFORE ORDERED granting Plaintiff's Application to Proceed in District Court Without Prepaying Fees and Costs (Doc. 2).

IT IS FURTHER ORDERED dismissing Plaintiff's Complaint (Doc. 1), with leave to amend. Plaintiff may file an Amended Complaint, consistent with this Order, by February 11, 2019.

IT IS FURTHER ORDERED that if Plaintiff does not file an Amended Complaint by February 11, 2019, the Clerk of Court shall dismiss this action without further Order of this Court.

Dated this 31st day of January, 2019.

Honorable John J. Tuchi
United States District Judge